IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-127-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHARLES SENTEL HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 29 May 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an Officer with the Raleigh Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented no witnesses, but submitted a letter from defendant's employer. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 8 May 2013 with: possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 1) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 (ct. 2). The alleged offense date in

each count is 22 July 2012.  The evidence presented at the hearing showed that the charges arise from a traffic stop of defendant for a seat belt violation.  After giving the officer who stopped him two aliases and false birthdates, defendant fled in his car and then by foot, at one point jumping from a second-story breezeway to evade police.  A backpack in the trunk of defendant's car contained a stolen .38 caliber pistol and marijuana.  Defendant subsequently admitted to possession of the handgun, claiming that he had it only three days.  However, the gun had been stolen in 2010 and there was an outstanding state warrant for defendant for theft of the gun.  At the time of the alleged offenses, defendant had been convicted of multiple felonies.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons:  evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's lying to the officer who effected the traffic stop and flight from the scene of the stop, and the relative recency of the charged offenses; defendant's criminal record, including 6 felony convictions, 12 misdemeanor convictions (5 for violent offenses), and a probation revocation in August 2012 in part for absconding; the danger of continued gun-related and violent offense conduct by defendant if released; the absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds, that the factors favoring detention outweigh such evidence.  While defendant proposed placement in a halfway house, the court finds that defendant is not suitable for placement in such a facility given, among other considerations, the nature and circumstances of the charged offenses and his criminal history.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 30th day of May 2013.

_____
James E. Gates
United States Magistrate Judge